■ In the Matter of WILLIAM CASTRO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [628 NYS2d 850] —Per Curiam. Respondent was admitted to practice by this Court in 1990. He was admitted to the Florida Bar in 1981.

By judgment dated March 22, 1994, issued by the United States District Court for the Southern District of Florida, respondent was found guilty, after a jury trial, of multiple counts of mail fraud (18 USC §§ 1341, 1346), one count of bribery (18 USC § 666 [a] [2]), and one count of racketeering in violation of the RICO statutes (18 USC § 1962 [d]; § 1963 [a]). He was sentenced to concurrent terms on all counts of 37 months in prison and three months of supervised release. Execution of the term of imprisonment has been stayed pending his appeal of the conviction. Respondent continues to vigorously assert his innocence. The indictment alleges that respondent participated in a scheme whereby payments and kickbacks were made to Florida State court Judges to influence their appointments of attorneys to serve as special assistant public defenders, to influence their approval of compensation for such representation and to effect the corrupt manipulation of certain cases.

The 91-page indictment, containing 106 counts, names three Florida Judges as defendants (and one as a co-conspirator) and six Florida attorneys, including respondent. Respondent's alleged involvement in the overall scheme appears limited to making kickbacks to the Judge named as an alleged co-conspirator for appointments as assigned counsel.

Effective May 12, 1994, and by operation of court rules governing the interim discipline of Florida attorneys convicted of felonies, the Florida Supreme Court issued an order automatically suspending respondent from practice for a period of three years and until reinstatement to practice by order of that Court. The underlying disciplinary action against respondent in Florida has been stayed pending the outcome of respondent's appeal of his conviction.

Petitioner, the Committee on Professional Standards, moves to strike respondent's name from the roll of attorneys by reason of his felony conviction or, in the alternative, to discipline respondent by reason of his conviction of a serious crime or, in the alternative, for reciprocal discipline based upon respondent's discipline in Florida.

Respondent opposes any effort to strike his name from the roll of attorneys. Instead, he argues that he should be suspended on the same terms as his Florida suspension until the final disposition of his criminal appeal.

Judiciary Law § 90 (4) (a) provides for automatic disbarment when an attorney is convicted of a felony. Pursuant to Judiciary Law § 90 (4) (e), the term felony shall mean any criminal offense classified as a felony under Federal law which, if committed in New York State, would also constitute a felony in New York State. The Federal felony need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity (*see, Matter of Margiotta*, 60 NY2d 147, 150, n 1). We conclude that respondent's bribery conviction under 18 USC § 666 (a) (2) falls within the definition of a felony warranting automatic disbarment. Had respondent committed his criminal offense in this State, he could have been convicted of a felony under Penal Law § 200.00, which, like the Federal statute, makes felonious the bribing of a public servant.

We therefore grant petitioner's motion to strike respondent's name from the roll of attorneys and to disbar him. In view of this disposition, there is no need to address the alternative dispositions petitioner has set forth in its motion.

Cardona, P. J., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that petitioner's motion to strike respondent's

name from the roll of attorneys be and hereby is granted; and it is further ordered that respondent be and hereby is disbarred, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.