[653 NYS2d 554]

In the Matter of LOUIS CANTOR, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, February 11, 1997

### APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel (*Hal R. Lieberman*, attorney), for petitioner.

*Richard A. Greenberg* of counsel (*Newman & Schwartz*, attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Louis Cantor, was admitted to the practice of

law in New York by the First Judicial Department on June 28, 1949. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On March 13, 1996, after a jury trial, respondent was convicted on all counts of a six-count indictment filed in the United States District Court for the Southern District of New York. The charges were conspiring to commit bribery, in violation of 18 USC § 371 (Counts One, Three and Five), and bribery, in violation of 18 USC § 666 (Counts Two, Four and Six), all of which are felonies under the United States Code. On October 22, 1996, respondent was sentenced to three years' probation with five months' home detention and a fine of $40,000.

By petition dated December 16, 1996, the Departmental Disciplinary Committee (the DDC) seeks an order determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before the DDC, which shall thereupon hold a hearing and issue a report and recommendation to the Court why a final order of censure, suspension or disbarment should not be made.

Respondent's answer (a) admits that he has been convicted of a "serious crime" offense within the meaning of Judiciary Law § 90 (4) (d); (b) consents to an interim suspension during the pendency of this matter; and (c) consents to a hearing before a panel of the Committee to determine the ultimate sanction to be imposed.

The crime of which respondent was convicted is a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of * * * the United States which does not constitute a felony under the laws of this state". Section 603.12 (b) of the Rules of this Court states in pertinent part as follows: "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law". The crimes of which respondent has been convicted, conspiring to commit bribery in violation of 18 USC § 371, and bribery, in

violation of 18 USC § 666, are "serious crimes" insofar as they are felonies under the United States Code.*

Judiciary Law § 90 (4) (f) mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court suspend the attorney until a final order is issued. In addition, the imposition of an interim suspension is consistent with this Court's general policies that a lawyer convicted of a felony and serving criminal probation should not be permitted to practice law (*Matter of Coughlin*, 202 AD2d 112) and that a convicted felon not be permitted to continue to practice law during the course of the disciplinary proceeding (*see, Matter of Witchell*, 220 AD2d 153).

Accordingly, this Court grants the DDC's petition and deems the offenses of which respondent has been found guilty to be "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b); suspends respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directs respondent to show cause before the DDC, which shall thereupon hold a hearing and issue a report and recommendation to this Court pursuant to Judiciary Law § 90 (4) (g), as to why a final order of censure, suspension, or disbarment should not be made.

WALLACH, J. P., NARDELLI, RUBIN, WILLIAMS and TOM, JJ., concur.

Petition granted insofar as to: (1) deem the offenses of which respondent has been found guilty to be "serious crimes" as indicated; (2) direct respondent to show cause before the Committee why a final order of suspension, censure or disbarment should not be made; and (3) suspend respondent from practice as an attorney and counselor-at-law in the State of New York forthwith, and until the further order of this Court.

---

* An ambiguity in 18 USC § 666 precludes a definitive determination that respondent's offense, if committed in New York, would constitute a felony and it is, therefore, an insufficient basis for automatic disbarment even though it was a Federal felony. The statute includes both bribery and gratuity conduct (*see, e.g., United States v Crozier*, 987 F2d 893, *cert denied* 510 US 880), the latter of which, under New York law, constitutes a misdemeanor, giving unlawful gratuities (Penal Law § 200.30).