[684 NYS2d 233]

In the Matter of LOUIS CANTOR, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 28, 1999

## APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Richard A. Greenberg* of counsel (*Newman Schwartz & Greenberg,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Louis Cantor, was admitted to the practice of law in New York by the First Judicial Department on June 28, 1949. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent was charged, in a six-count indictment filed in the United States District Court for the Southern District of New York, with conspiring to commit bribery, in violation of 18 USC § 371 (Counts One, Three and Five), and bribery, in violation of 18 USC § 666 (Counts Two, Four and Six), which are felonies under the United States Code. On March 13, 1996, after a jury trial, respondent was convicted on all counts. On October 22, 1996, respondent was sentenced to three years probation with five months' home detention and a fine of $40,000.

The petition of the Departmental Disciplinary Committee (the DDC), seeking a determination that the crime for which respondent was convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before the DDC, which would thereupon hold a hearing and issue a report and recommendation to the Court as to why a final order of censure, suspension or disbarment should not be made, was granted in all respects by an order entered February 11, 1997 (229 AD2d 172).

A hearing was held before a Referee on April 20 and April 28, 1998. It was revealed that respondent had been in the field of construction industry litigation since graduating from Columbia Law School in 1949. His Federal conviction arises out of three instances in which respondent conspired with his construction firm clients to bribe a New York City Board of Education (BOE) official. Between November 1991 and May 1994, respondent and the principals of Manshul Construction Co., Inc. conspired to bribe and bribed the BOE official in exchange for the official expediting of BOE's disbursement to Manshul of approximately $2 million in bonds and retainage

payments.* Similarly, during this same time period, respondent and an employee of Caristo Construction Corp. conspired to bribe and bribed the BOE official in exchange for the official expediting the disbursement to Caristo of an outstanding contract payment of approximately $80,000. Lastly, from February 1993 to April 1994, respondent a principal of Gallery Elevator Co. Inc. bribed the BOE official for the official influencing of the BOE to award Gallery a $2.2 million elevator maintenance contract and to permit Gallery to bid on future BOE contracts.

In mitigation, the Referee took into account (1) respondent's minor role in the crimes as well as the nature of those crimes; (2) respondent's personal background and excellent reputation for good character; (3) the lack of a prior disciplinary record in respondent's 50 years of practice; (4) the death of respondent's wife from a heart attack one month after he was criminally charged; (5) respondent's advancing age (76) and poor health; (6) respondent's cooperation with the Committee; and (7) respondent's remorse. He also took into account the Federal District Court's downward departure from the Federal sentencing guidelines.

By a report and recommendation dated June 29, 1998, the Referee recommended that respondent be suspended from the practice of law for a period coextensive with his Federal probationary period, nunc pro tunc to October 22, 1996. He further recommended that in the event that the District Court reduces respondent's period of probation, which currently is scheduled to terminate on October 22, 1999, his suspension should be reduced accordingly. By a report dated October 5, 1998, the Hearing Panel affirmed the Referee's recommendation as to sanction.

By motion dated November 4, 1998, the DDC moves for an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the findings of fact and conclusions of law set forth in the reports of the Referee and the Hearing Panel, recommending that respondent be suspended from the practice of law for a period coextensive with his Federal probationary period, nunc pro tunc to October 22, 1996 and that in the event

---

* In awarding construction contracts, the BOE required private contractors to provide the BOE with bonds guaranteeing the completion of projects. These completion bonds would be liquidated to compensate for any loss in the case of default. In addition, the BOE held "retainages", which usually consisted of 5% of the construction or renovation contract as well as the final incremental payment due a contractor when the contract was 100% complete.

the District Court reduces respondent's period of probation, his suspension be reduced accordingly.

Respondent joins in the DDC's motion and notes that by order dated October 5, 1998 (— US —, 119 S Ct 50), the United States Supreme Court denied his petition for a writ of certiorari to review his conviction. He thereupon paid the $40,000 fine and is currently serving his five-month term of home detention.

It is our determination that the DDC's petition be granted. Although the underlying criminal conduct constituted a felony and involved three separate instances of bribery, disbarment is not warranted because of the significant mitigating factors in this case. Nor is public censure warranted, as the parties agree, despite the mitigating factors, because this case presents facts comparable to cases in which this Court has suspended attorneys for similar conduct, and because respondent is currently serving a criminal probation. On the other hand, suspension is consistent with this Court's general policy that a lawyer serving a term of felony probation should be precluded from practicing law (see, e.g., Matter of Clay, 229 AD2d 50, 52).

Accordingly, the DDC's petition should be granted and respondent suspended from the practice of law for a period coextensive with his Federal probationary period, nunc pro tunc to October 22, 1996.

NARDELLI, J. P., WILLIAMS, WALLACH, RUBIN and TOM, JJ., concur.

Motion granted, the findings of fact and conclusions of law set forth in the reports of the Referee and the Hearing Panel and recommended sanction confirmed, and respondent suspended from the practice of law in the State of New York for a period coextensive with his Federal probationary period, nunc pro tunc to October 22, 1996, and until the further order of this Court, all as indicated, effective the date hereof.