Matter of Chambers (2019 NY Slip Op 00582)





Matter of Chambers


2019 NY Slip Op 00582


Decided on January 29, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman, Justice Presiding,
John W. Sweeny, Jr.
Barbara R. Kapnick
Marcy L. Kahn
Anil C. Singh,Justices.


M-5329

[*1]In the Matter of John Skylar Chambers, (admitted as Susan Courtney Chambers), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John Skylar Chambers, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John Skylar Chamber, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 30, 1985.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Sherine F. Cummings, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent John Skylar Chambers was admitted to the practice of law in the State of New York by the First Judicial Department on July 30, 1985, under the name Susan Courtney Chambers. At all times relevant to these proceedings, respondent maintained a registered address within the First Department.
On April 24, 2018, respondent was found guilty, after a jury trial, in the United States District Court for the Southern District of New York, of bribery in violation of 18 USC § 666; conspiracy to commit bribery in violation of 18 USC § 371; honest services wire fraud in violation of 18 USC §§ 1343 and 1346; and conspiracy to commit honest services wire fraud in violation of 18 USC § 1349, all felonies.
Respondent's convictions stemmed from his offering and giving monetary and non monetary bribes to a sergeant of the New York Police Department (NYPD) assigned to the NYPD's License Division in exchange for the sergeant giving expedited or other favorable treatment in gun license related matters pending before the NYPD's Pistol Section for the benefit of individuals who paid respondent for his assistance in such matter.
The Attorney Grievance Committee (AGC) advises that respondent has not been sentenced as of the date of this motion.
The Committee now seeks an order, pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as of the date of his conviction of a felony (see Judiciary Law § 90[4][a]), as defined by Judiciary Law § 90(4)(e), namely bribery (18 USC § 666).
Respondent was served with this motion and has not submitted a response. Significantly, in his April 25, 2018 letter to the AGC reporting his conviction, respondent stated "I understand fully that I can no longer remain on the roll of attorneys in this jurisdiction and that I must cease practicing law forthwith".
Respondent's conviction of a felony is a basis for automatic disbarment pursuant to Judiciary Law § 90(4)(a) and (b). A federal felony conviction will result in automatic disbarment if an equivalent felony exists under New York Law (Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]).
For a determination that a federal felony has a New York analogy, the federal felony does not have to be a "mirror image" of a New York felony but must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). Thus, we must compare the applicable federal and state felony statutes.
18 USC § 666 provides, in pertinent part:
"(a) [w]hoever . . . (2) corruptly gives, offers,
or agrees to give anything of value to any person,
with intent to influence or reward an agent of an
organization or of a State, local . . .
government, or any agency thereof, in connection
with any business, transaction, or series of
transactions of such organization, government, or
agency involving anything of value of $5,000 or more
shall be fined under this title, imprisoned not more
than 10 years, or both."
Penal Law § 200.00 provides:
"[a] person is guilty of bribery in the third degree
when he confers, or offers or agrees to confer, any
benefit upon a public servant upon an agreement or
understanding that such public servant's vote,
opinion, judgment, action, decision or exercise of
discretion as a public servant will thereby be
influenced.
Bribery in the third degree is a class D felony."
We have previously deemed a conviction under 18 USC § 666 to be a "serious crime" as defined by Judiciary Law § 90(4)(d) (Matter of Cantor, 229 AD2d 172 [1st Dept 1997]). In subsequent proceedings, we went further and found that conviction under 18 USC § 666 constituted a felony for purposes of disciplinary proceedings (Matter of Cantor, 252 AD2d 269 [1st Dept 1999]. We find no reason not to follow the Court's determination that a conviction under 18 USC § 666 is analogous to a conviction under Penal Law § 200.00 and, being a felony, warrants automatic disbarment pursuant to Judiciary Law § 90(4)(e] (see Matter of Castro, 216 AD2d 782 [3d Dept 1995]).
As noted, respondent concedes that he is automatically disbarred pursuant to Judiciary Law § 90(4)(e) as a result of his federal conviction.
Therefore, respondent's conviction under 18 USC § 666 constitutes grounds for disbarment under Judiciary Law § 90(4)(a) and (b) and his name should be stricken from the rolls. Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(a) and (b) is granted, effective nunc pro tunc to April 24, 2018, and until further order of this Court.
All Concur.
Order filed. [January 29, 2019]
The Committee's motion is granted, respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(a) and (b), effective nunc pro tunc to April 24, 2018, and until further order of this Court.