Matter of Percoco (2019 NY Slip Op 03132)





Matter of Percoco


2019 NY Slip Op 03132


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: April 25, 2019
[*1]
In the Matter of JOSEPH PERCOCO, an Attorney.
 
(Attorney Registration No. 4277034)

Calendar Date: April 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ. 




Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Joseph Percoco, South Salem, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by the Second Department in 2005 and currently lists a business address in Westchester County with the Office of Court Administration [FN1]. On March 13, 2018, following an eight-week jury trial, respondent was found guilty by a jury in the United States District Court for the Southern District of New York of two counts of conspiracy to commit honest services fraud in violation of 18 USC § 1349 (see 18 USC §§ 1343, 1346) and one count of solicitation of bribes and gratuities in violation of 18 USC § 666. He was thereafter sentenced in September 2018 to, among other things, a six-year term of imprisonment with a three-year term of postrelease supervision to follow. Respondent's conviction stemmed from his criminal participation in two separate schemes to accept bribes in return for taking official state action in his capacity as the Executive Deputy Secretary to the Governor of New York. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a) to strike respondent's name from the roll of attorneys due to his felony conviction or, alternatively, for an order of censure, suspension or disbarment upon respondent's conviction of a serious crime as defined in Judiciary Law § 90 (4) (d). In response to the motion, respondent has submitted correspondence consenting to his disbarment if we deem it appropriate.
Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and [counselor]-at-law who shall be convicted of a felony[,] as defined in [Judiciary Law § 90 (4) (e)], shall[,] upon such conviction, cease to be an attorney and [counselor]-at-law." As is relevant here, felony offenses that suffice for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) include "any criminal offense committed in any . . . territory of the United States and classified as a felony therein which[,] if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). "The predicate foreign felony need not be a 'mirror image' of the New York felony; rather, the felonies must have 'essential similarity,' which is determined [*2]through a comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue" (Matter of Hand, 164 AD3d 1006, 1007-1008 [2018], quoting Matter of Margiotta, 60 NY2d 147, 150 [1983]).
AGC asks this Court to strike respondent's name from the roll of attorneys based upon his conviction of solicitation of bribes and gratuities (see 18 USC § 666), which it contends is essentially similar to bribe receiving in the third degree, a class D felony in New York (see Penal Law § 200.10). Pursuant to 18 USC § 666 (a) (1) (B), a person is guilty of soliciting a bribe when that person, "being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof . . . corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving [anything] of value of $5,000 or more." By comparison, pursuant to New York law, "[a] public servant is guilty of bribe receiving in the third degree when he or she solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his or her vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced" (Penal Law § 200.10). Based on the plain language of the statutes, we find that they are essentially similar for purposes of automatic disbarment insomuch as they both proscribe the same conduct; that is, the solicitation or acceptance of a bribe by a public servant with the understanding that his or her conduct as a public servant will be influenced (see generally Matter of Chambers, 169 AD3d 100, 102 [2019]; Matter of Castro, 216 AD2d 782, 783 [1995]). Consequently, AGC's motion to strike respondent's name from the roll of attorneys is a mere formality that serves only to confirm his disbarment (see Matter of Goncalves, 161 AD3d 1377, 1379 [2018]; Matter of Butcher, 153 AD3d 1127, 1127 [2017]). We therefore grant AGC's motion and strike respondent's name from the roll of attorneys nunc pro tunc to March 13, 2018, the date of the jury verdict (see Matter of Sherwood, 164 AD3d 1539, 1540 [2018]; Matter of Craft, 158 AD3d 887, 889 [2018]).[FN2]
Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to March 13, 2018; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Although respondent's current business address is located in the Second Department, at the time that the instant motion was filed, respondent listed a business address in the State Capitol located in the City of Albany.

Footnote 2: Because respondent's disbarment is automatic and we have confirmed his disbarred status, we need not address AGC's alternative request to discipline respondent based upon his conviction of a serious crime pursuant to Judiciary Law § 90 (4) (g).