[642 NYS2d 262]

In the Matter of BARRY A. WITCHELL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 14, 1996

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Barry A. Witchell was admitted to the practice of law in New York by the First Judicial Department on November 16, 1956. At all times relevant herein, respondent

has maintained an office for the practice of law within the First Judicial Department.

On June 22, 1995, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of tax evasion, in violation of 26 USC § 7201, which is a felony under the United States Code. Respondent was sentenced to three years' probation, home detention for a period of six months, and was fined, as well as required to make restitution to the Internal Revenue Service.

The offense to which respondent pleaded is a "serious crime" (Judiciary Law § 90 [4] [d]), requiring his suspension from practice (§ 90 [4] [f]) pending final disciplinary action (§ 90 [4] [g]; *Matter of Cooper*, 181 AD2d 298). Moreover, respondent has previously been censured on an unrelated matter (93 AD2d 133).

Accordingly, the petition is granted, the offense of which respondent has been found guilty is found to be a "serious crime" within the meaning of the statute, and respondent is suspended from the practice of law forthwith and directed to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension, or disbarment should not be made (*see, Matter of Levine*, 208 AD2d 156).

SULLIVAN, J. P., ROSENBERGER, ELLERIN, KUPFERMAN and WILLIAMS, JJ., concur.

The crime of which respondent has been convicted is deemed a serious crime, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith and until the further order of this Court, and respondent is directed to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension, or disbarment should not be made.