[648 NYS2d 31]

In the Matter of Harris J. Rakov (Admitted as Harris Joel Rakov), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 10, 1996

### APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Ivan S. Fisher* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Harris J. Rakov was admitted to the practice of law in the State of New York by the First Judicial Department

as Harris Joel Rakov on February 11, 1969. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On November 15, 1995, after a jury trial, respondent was convicted in the United States District Court for the District of New Jersey of five counts of filing false tax returns in violation of 26 USC § 7201, which is a felony under the United States Code. Respondent was sentenced on March 26, 1996 to three years' probation and home detention for a period of six months. Additionally, he was fined $20,000 and required to make restitution to the Internal Revenue Service.

Respondent has been convicted of an offense which constitutes a "serious crime" (Judiciary Law § 90 [4] [d]), and thus his suspension from practice is required pending final disciplinary action (Judiciary Law § 90 [4] [f], [g]; *Matter of Witchell*, 220 AD2d 153). By order entered April 23, 1996, the New Jersey Supreme Court temporarily suspended respondent from the practice of law in New Jersey pending final resolution of proceedings against him in that jurisdiction.

Accordingly, the petition is granted, the offense of which respondent has been found guilty is found to be a "serious crime" within the meaning of the Judiciary Law and 22 NYCRR 603.12 (b), and respondent is suspended from the practice of law in New York forthwith and until further order of this Court. Pursuant to Judiciary Law § 90 (4) (g), respondent is directed to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension, or disbarment should not be made (*see, Matter of Witchell, supra*).

ROSENBERGER, J. P., WALLACH, RUBIN, MAZZARELLI and ANDRIAS, JJ., concur.

The petition is granted insofar as to: (1) deem the offense of which respondent has been found guilty to be a "serious crime" within the meaning of the Judiciary Law and 22 NYCRR 603.12 (b); (2) direct respondent to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension, or disbarment should not be made; and (3) suspend respondent from practice as an attorney and counselor-at-law in the State of New York forthwith, and until the further order of this Court.