[649 NYS2d 440]

In the Matter of BARRY A. WITCHELL, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 12, 1996

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Barry A. Witchell,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Barry A. Witchell, was admitted to the practice of law in New York by the First Judicial Department on November 16, 1956. At all times relevant herein, respondent

has maintained an office for the practice of law within the First Judicial Department.

On June 22, 1995, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of tax evasion in violation of 26 USC § 7201, which is a felony under the United States Code. On September 13, 1995, respondent was sentenced to three years' probation, home detention for a period of six months, was fined $75,000 with an assessment of $50 and was required to make restitution to the Internal Revenue Service.

By order entered May 14, 1996 (220 AD2d 153), this Court granted the Departmental Disciplinary Committee's petition, determined that the offense of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d), suspended respondent from the practice of law forthwith pursuant to Judiciary Law § 90 (4) (f), and directed him to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension or disbarment should not be made.

Respondent now submits his resignation pursuant to 22 NYCRR 603.11 (a). In his Affidavit of Resignation, dated October 8, 1996, respondent states that his resignation is freely and voluntarily rendered; he is not being subjected to coercion or duress; and he is fully aware of the implications of submitting his resignation. He additionally asserts that he cannot successfully defend himself against the charges for which he pleaded guilty or the charges that he violated various Disciplinary Rules of the Code of Professional Responsibility. The petitioner has recommended our acceptance of the respondent's resignation.

Accordingly, respondent's resignation is accepted and his name is ordered stricken from the roll of attorneys authorized to practice law in this State, effective immediately.

MURPHY, P. J., MILONAS, KUPFERMAN, ROSS and MAZZARELLI, JJ., concur.

Respondent's resignation accepted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.