94

[690 NYS2d 555]

In the Matter of EDWIN H. HOCHBERG (Admitted as EDWIN HARRY HOCHBERG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 1, 1999

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Ronald Gene Wohl* of counsel (*Goetz, Fitzpatrick, Most & Bruckman, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Edwin H. Hochberg, was admitted to the

practice of law in the State of New York by the Second Judicial Department on October 16, 1958 as Edwin Harry Hochberg. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Respondent pleaded guilty to two counts of mail fraud (18 USC § 1341) and one count of tax evasion (26 USC § 7201) on July 18, 1996 and February 24, 1997. On May 8, 1998, the United States District Court for the Eastern District of New York sentenced him to a 10-month period of incarceration followed by a three-year supervised release period. He was also sentenced to pay a special assessment of $150, a fine of $50,000 and restitution of $35,000.

In his plea allocution, respondent, who was an insurance adjuster, admitted that he deliberately submitted two falsely inflated claims to Hanover Insurance Company and that he caused Hanover to send him a partial claim payment of $50,000. Significantly, the allocution does not indicate how much of the $50,000 was for a legitimate claim and how much was due to the fraudulent overstatement of the insured's losses. With respect to the tax evasion count, respondent admitted that the amount of unrecorded income on his 1992 Federal tax return was around $30,000, and that the additional tax that would have been due amounted to about $10,000.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the grounds that he was convicted of felonies as defined in Judiciary Law § 90 (4) (e) and has, therefore, been automatically disbarred pursuant to Judiciary Law § 90 (4) (a). Respondent cross-moves for an order declaring his Federal convictions to be "serious crimes" as defined in Judiciary Law § 90 (4) (d), arguing that the automatic disbarment provision should not apply because there are no New York State felonies equivalent to the crimes to which he pleaded guilty. He asks this Court to grant him a hearing to determine the appropriate sanction.

For purposes of the automatic disbarment statute, Judiciary Law § 90 (4) (e) defines "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." An out-of-State or Federal felony with no such New York equivalent may be classified as a "serious crime" by Judi-

ciary Law § 90 (4) (d). Disbarment is permissible (*Matter of Catalfo*, 181 AD2d 213) but lesser sanctions have also been imposed (*Matter of Kadish*, 139 AD2d 226 ["serious crime" of Federal income tax evasion warranted suspension]).

While the New York State Penal Law contains no felony that is formally equivalent to the Federal felonies of tax evasion and mail fraud, a particular attorney's conviction of one of these Federal crimes can still be a "felony" under Judiciary Law § 90 (4) (e) if the Court determines that the conduct admitted to in the Federal plea allocution satisfies the elements of a New York felony (*Matter of Benson*, 207 AD2d 81). The Committee argues that respondent's filing of fraudulent insurance claims, which was the predicate for his Federal mail fraud conviction, satisfies the elements of the New York felonies of grand larceny, insurance fraud and scheme to defraud. However, we agree with respondent that because his plea allocution does not indicate the amount of money wrongfully obtained through fraud, we cannot determine that the amount at issue was sufficient to satisfy these New York felony statutes.

Under Penal Law § 155.05, a person commits larceny when he wrongfully takes property from its rightful owner, with intent to deprive the owner of his/her property or to appropriate the same to himself or a third party. Petit larceny is a misdemeanor, while grand larceny is a felony. Fourth-degree grand larceny, the lowest degree of this felony, requires that the property be worth more than $1,000 (subject to various exceptions not applicable here) (Penal Law § 155.30 [1]).

To the extent relevant here, Penal Law § 176.05 defines insurance fraud as presenting to an insurer any written statement containing materially false information about a material fact, or concealing any material fact in order to mislead the insurer. The degrees of the offense parallel those of larceny. Fourth-degree insurance fraud, the lowest degree that is still a felony, similarly requires that the money at issue be in excess of $1,000 (Penal Law § 176.15).

The definition of scheme to defraud in the first degree, to the extent that it is applicable to these facts, similarly requires that the person engage in an ongoing course of conduct with intent to defraud more than one person, and thereby obtain property worth more than $1,000 (Penal Law § 190.65 [1] [b]). It therefore appears that automatic disbarment would be inappropriate because the record does not conclusively indicate whether respondent's inflation of the insurance claims led him

to recover more than $1,000 over the actual value of the claims (*compare, Matter of Kaye*, 217 AD2d 197). As for respondent's tax evasion conviction, this Court has consistently held that violation of 26 USC § 7201 is a "serious crime" (*e.g., Matter of Witchell*, 220 AD2d 153).

Since we have determined that respondent's Federal convictions constitute "serious crimes," Judiciary Law § 90 (4) (g) entitles him to a hearing to decide the proper sanction. In the meantime, he should be suspended until further order of this Court, pursuant to Judiciary Law § 90 (4) (f).

Accordingly, the Disciplinary Committee's petition for an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys should be denied, respondent's cross motion for an order pursuant to section 90 (4) (d) declaring his Federal convictions to be serious crimes should be granted, and respondent should be suspended until further order of this Court. Respondent should be directed, within 60 days after his release from incarceration, to show cause before a Referee appointed by the Court pursuant to section 90 (4) (h) why a final order of censure, suspension or disbarment should not be made.

SULLIVAN, J. P., ROSENBERGER, NARDELLI, RUBIN and SAXE, JJ., concur.

Petition to strike the name of respondent from the roll of attorneys denied. Cross motion granted, the crimes of which respondent has been convicted deemed "serious crimes", and respondent suspended from the practice of law in the State of New York, effective immediately, and until the further order of this Court, as indicated.