[698 NYS2d 855]

In the Matter of EDWIN H. HOCHBERG (Admitted as EDWIN HARRY HOCHBERG), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 30, 1999

## APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Edwin H. Hochberg was admitted to the practice of law in the State of New York by the Second Judicial Department, on October 16, 1958, as Edwin Harry Hochberg. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On July 18, 1996 and February 24, 1997, respondent pleaded guilty in Federal court to two counts of mail fraud in violation of 18 USC § 1341, and one count of tax evasion in violation of 26 USC § 7201. The charges were based on respondent's submission of false claims to an insurance company and on his filing of a fraudulent Federal income tax return for 1992. This Court entered an order pursuant to Judiciary Law § 90 (4) (d) determining that his Federal convictions constituted serious crimes (*Matter of Hochberg*, 259 AD2d 94). Respondent was suspended until further order of this Court pursuant to Judiciary Law § 90 (4) (f) and directed to show cause before a Referee why a final order of censure, suspension or disbarment should not be made (*Matter of Hochberg, supra*).

Respondent now submits his resignation pursuant to 22 NYCRR 603.11 (a). That rule provides that an attorney who is the subject of a disciplinary investigation may resign by submitting an affidavit of resignation to the Committee. The affidavit must state that his resignation is voluntary, that he is aware of the disciplinary proceedings pending against him, and that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself against them. Respondent's affidavit satisfies these criteria. In it, he admits to the acts underlying his conviction, as well as other similar acts of misconduct currently being investigated by the Committee, and acknowledges that he has no defense to any disciplinary charges based on these incidents. He also avers that he is resigning voluntarily, with full awareness of the implications. Accordingly, respondent's resignation should be accepted and his name stricken from the roll of attorneys.

SULLIVAN, J. P., ROSENBERGER, NARDELLI, RUBIN and SAXE, JJ., concur.

Resignation accepted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.