OPINION OF THE COURT
Per Curiam.
Respondent Raymond J. Ruble was admitted to the practice of law in the State of New York by the First Judicial Department on February 14, 1972, under the name Raymond John Ruble. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.
On December 17, 2008, respondent was found guilty, after a jury trial in the United States District Court for the Southern District of New York of 10 felony counts of tax evasion, in violation of 26 USC § 7201. On April 1, 2009, respondent was sentenced to a prison term of 6V2 years. Respondent remains free on bail pending the appeal of his conviction.
The Departmental Disciplinary Committee now seeks an order determining that the crimes of which respondent has been convicted are serious crimes as defined in Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b); respondent’s immediate interim suspension from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent, to show cause before a referee appointed by this Court or a Hearing Panel of the Committee, why a final order of censure, suspension or disbarment should not be made within 90 days from respondent’s release from prison (Judiciary Law § 90 [4] [g]).
This Court has previously determined that the crimes respondent has been convicted of constitute “serious crimes” under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) (see Matter of Rakov, 225 AD2d 34 [1996]; Matter of Witchell, 220 AD2d 153 [1996]; Matter of Winograd, 148 AD2d 214 [1989]). Accordingly, respondent’s conviction of 10 counts of felony tax evasion mandates the conclusion that respondent has been convicted of serious crimes within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b).
This Court has consistently suspended attorneys, until further order of this Court, who have been convicted of federal felony tax violations (see Matter of Hochberg, 259 AD2d 94 [1999]). The pendency of respondent’s appeal is not a compelling reason to delay disciplinary action in the instant matter (see 22 NYCRR 603.12 [e]; Matter of Mitchell, 40 NY2d 153 [1976]). If respondent’s appeal is successful, any disciplinary sanction may be revoked (Judiciary Law § 90 [5] [a]).
*50 Accordingly, the petition should be granted, the offense of which respondent has been convicted deemed a “serious crime,” pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and respondent suspended from the practice of law forthwith pursuant to Judiciary Law § 90 (4) (f), and respondent directed to show cause before a Hearing Panel designated by the Departmental Disciplinary Committee, which shall hold a hearing within 90 days of the date of respondent’s release from prison and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.
Tom, J.P, Nardelli, Catterson, Renwick and Richter, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.