[618 NYS2d 22]

In the Matter of PEDRO BATALLA (Admitted as PEDRO J. BATALLA, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 27, 1994

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Barry A. Weinstein* of counsel *(Goldstein, Weinstein & Fuld,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law at the First Judicial Department in 1986, under the name Pedro J. Batalla, Jr., and has maintained an office for such purpose within this Department at all relevant times since then.

In February 1994 respondent was convicted in United States District Court for the Southern District of New York on his plea of guilty to attempting to evade taxes by filing a false income tax return. The charge related to underreporting income on his Federal tax returns for 1990 and 1991, his first full years in private practice. On May 4 he was sentenced to serve one year probation, pay a fine of $2,000 and an assessment of $50, and make restitution to the Internal Revenue Service. According to respondent, the fines and restitution have been satisfied.

An attempt to evade taxes is a felony under Federal law (26 USC § 7201). Since there is no felony analog for this offense under New York law, it qualifies as a "serious crime" under Judiciary Law § 90 (4) (d) *(Matter of Winograd,* 148 AD2d 214). As such, the certification to this Court of respondent's conviction requires his immediate interim suspension from the practice of law (§ 90 [4] [f]). Respondent concedes the serious crime designation of his offense, but wishes to offer evidence in mitigation of the disciplinary sanction to be imposed.

Accordingly, the petition is granted, respondent is suspended from practice forthwith, and he is directed to show cause before petitioner's Hearing Panel, within 30 days of this Court's order, why a final order of suspension or other appropriate disciplinary measure should not be entered against him (§ 90 [4] [g]).

CARRO, J. P., ELLERIN, WALLACH, ASCH and TOM, JJ., concur.

The application is granted, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith, and until the further order of this Court.