[744 NYS2d 211]

In the Matter of W. TIMOTHY DARRAH (Admitted as WALTER TIMOTHY DARRAH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 24, 2002

**APPEARANCES OF COUNSEL**

*Robert P. Guido,* Syosset (*Catherine A. Sheridan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition containing 44 charges of professional misconduct and a supplemental petition containing four additional charges. The pleadings were amended by stipulation of the parties on December 6, 2000. After a prehearing conference on September 7, 2000, and hearings on December 6, 2000, January 30, 2001, February 7, 2001,

February 21, 2001, March 14, 2001, April 4, 2001, and April 11, 2001, Special Referee Esquirol sustained all 48 charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the petitioner's motion.

The petition and supplemental petition allege that the respondent engaged in a course of conduct for approximately the past 10 years whereby he induced clients and nonclients, through misrepresentation and deceit, to entrust him with their money. The respondent told them that their money would either be invested or secured in his escrow account. He received over $1,000,000, which he allegedly invested in corporations in which he had some interest. In most instances, the respondent's victims were elderly, financially unsophisticated, or out-of-state residents.

During the lengthy hearing, the respondent was unable to produce any documentary evidence to establish the whereabouts of the money or even that he had in fact invested the money in his corporations.

The first 39 charges involve the respondent's representation of five clients from 1991 to 1998. The clients are Mary Spano, Nicholas Spano, Judith Tuthill, Helen Taylor, and Nancy Adamson. Many of the charges with respect to those transactions are identical and allege six separate disciplinary rule violations. These include entering a business transaction with a client whose interests differ from the respondent's, in violation of Code of Professional Responsibility DR 5-104 (a) (22 NYCRR 1200.23 [a]); failing to promptly deliver funds to a client, in violation of DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]); failing to render appropriate accounts to a client regarding funds entrusted to him, in violation of DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]); conversion of funds entrusted to him, in violation of DR 9-102 (22 NYCRR 1200.46); engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]); and engaging in conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The Adamson transaction involves three additional charges including fraud.

The remaining charges of the original petition involve the respondent's conversion of escrow funds belonging to Patricia Miller, a nonclient, and failure to file proof of compliance with this Court's order of suspension, dated November 17, 1999.

The supplemental petition involves allegations of neglect with respect to an estate and practicing law while under suspension due to alleged medical incapacity.

On April 19, 2002, the respondent entered a plea of guilty in the County Court, Nassau County, before the Honorable Richard A. LaPera, to the crimes of criminal possession of a forged instrument in the second degree, in violation of Penal Law § 170.25, a class D felony, and attempted criminal possession of a forged instrument in the second degree, in violation of Penal Law §§ 110.00 and 170.25, a class E felony. The pleas were entered pursuant to and in accordance with *North Carolina v Alford* (400 US 25) and *People v Serrano* (15 NY2d 304) whereby the respondent entered pleas of guilty to the subject crimes but did not factually admit the acts underlying each individual crime. Sentencing is scheduled for July 24, 2002.

The petitioner's motion to confirm the Special Referee's report and to impose discipline upon the respondent based upon the aforesaid charges is denied as academic in light of the automatic disbarment which occurred upon the respondent's pleas of guilty to the aforementioned felonies (*see* Judiciary Law § 90 [4]).

The respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony. Accordingly, he is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, W. Timothy Darrah, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, W. Timothy Darrah, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the petitioner's pending motion to confirm the Special Referee's report and to impose discipline upon the respondent is denied as academic in light of the respondent's automatic disbarment.