[915 NYS2d 538]

In the Matter of RICHARD J. SHAPIRO (Admitted as RICHARD JAY SHAPIRO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 20, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Joseph J. Hester* of counsel), for petitioner.

*Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C.* (*Matthew B. Homberger* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Richard Jay Shapiro was admitted to the practice of law in the State of New York by the First Judicial Department on August 6, 1974. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On May 7, 2009, respondent was convicted by a jury in the United States District Court for the Southern District of New York of one count of conspiracy to defraud the United States in violation of 18 USC § 371 and two counts of tax evasion in violation of 26 USC § 7201, both felonies under the United States Code. The charges arose out of a scheme by respondent, other attorneys and an accountant, in which they defrauded the Internal Revenue Service by designing and marketing tax shelters used by wealthy individuals to defer, reduce or eliminate tax liabilities on annual income that generally exceeded $10 million or $20 million. On January 22, 2010, respondent was sentenced to a prison term of 28 months, two years of supervised release and fined $100,000.

By petition dated October 22, 2010, the Departmental Disciplinary Committee seeks an order determining that the crimes of which respondent has been convicted are serious crimes as defined by Judiciary Law § 90 (4) (d), and directing respondent to show cause before the Committee or a Referee why a final order of censure, suspension or disbarment should not be made. Although not specifically pleaded in the notice of petition or the wherefore clause, the Committee appears to also ask this Court to immediately suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f).

Respondent's counsel has submitted a response stating that respondent does not contest the Committee's request to deem the offenses "serious crimes" but argues that an "interim" suspension is unnecessary since respondent has not practiced law since 2006 and he presents no danger to the community. Counsel also sets forth many pages relating mitigation; however, those factors may be presented during a final sanction hearing upon respondent's release from prison.

The crimes respondent was convicted of are "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR

603.12 (b). Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of . . . the United States which does not constitute a felony under the laws of this state." Section 603.12 (b) of the Rules of this Court states in pertinent part as follows: "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law."

The crimes of which respondent has been convicted, conspiracy to defraud the United States in violation of 18 USC § 371 and tax evasion in violation of 26 USC § 7201, are "serious crimes" insofar as they are felonies under the United States Code and this Court has previously held that such convictions constitute serious crimes within the meaning of the statute (*see Matter of Ruble*, 66 AD3d 48 [2009] [federal tax evasion conviction deemed serious crime]; *Matter of Rakov*, 225 AD2d 34 [1996] [same]; *Matter of Percy*, 10 AD3d 66 [2004] [conviction for conspiracy to defraud the United States deemed serious crime]). Accordingly, respondent's convictions mandate the conclusion that he has been convicted of a "serious crime."

Judiciary Law § 90 (4) (f) provides in relevant part: "Any attorney and counsellor-at-law convicted of a serious crime . . . shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision."

This Court has consistently held that during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90 (4) (f), who has been convicted of a felony and who is serving a term of probation or imprisonment (*see Matter of Ruble*, 66 AD3d at 49-50; *Matter of Lynch*, 55 AD3d 213 [2008]).

Accordingly, the Committee's petition is granted. The crimes of which respondent has been convicted are deemed to be "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and section 603.12 (b) of the Rules of this Court (22 NYCRR); respondent is immediately suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f); and respondent is directed to show cause before a Hearing Panel designated by the Committee, pursuant to Judiciary Law § 90 (4) (g), which shall hold a hearing within 90 days of the date of respondent's release from prison and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.

GONZALEZ, J.P., CATTERSON, ACOSTA, RICHTER and ABDUS-SALAAM, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.