[947 NYS2d 516]

In the Matter of KENNETH SCHNEIDER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 3, 2012

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Dershowitz, Eiger & Adelson, P.C.,* New York City (*Nathan Z. Dershowitz* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Kenneth Schneider was admitted to the practice of law in the State of New York by the First Judicial Department on April 26, 1993. Respondent's last known business address listed with the Office of Court Administration is in London, England.

On October 1, 2010, respondent was found guilty, after a jury trial in the United States District Court for the Eastern District of Pennsylvania, of traveling in foreign commerce for the purpose of engaging in sex with a minor, in violation of 18 USC § 2423 (b) (count 1), and transporting a person in foreign commerce for the purpose of engaging in criminal sexual acts, in violation of 18 USC § 2421 (count 2), both felonies. By order dated September 21, 2011, the District Court vacated his conviction with respect to count 2. On December 1, 2011, respondent was sentenced to a prison term of 180 months and three years of supervised release. He was fined $20,000, required to pay $35,000 in restitution and directed to register as a sex offender. Respondent is presently incarcerated.

The Departmental Disciplinary Committee now seeks an order determining that the crime of which respondent has been convicted is a "serious crime," directing respondent's immediate interim suspension from the practice of law pursuant to Judiciary Law § 90 (4) (f), and, upon that determination, directing respondent, to show cause before a referee appointed by this Court or a Hearing Panel of the Committee, why a final order of suspension or disbarment should not be made within 90 days from respondent's release from prison pursuant to Judiciary Law § 90 (4) (g) and 22 NYCRR 603.12 (a).

Respondent's counsel has submitted an answer acknowledging that respondent's conviction constitutes a "serious crime." However, counsel requests that this proceeding be stayed pursuant Judiciary Law § 90 (4) (g) until the appeal of respondent's conviction is determined by the United States Court of Appeals

for the Third Circuit. In the event the conviction is affirmed, counsel states that respondent will seek a hearing pursuant to Judiciary Law § 90 (4) (h) to address the appropriate sanction.

Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of . . . the United States which does not constitute a felony under the laws of this state." Section 603.12 (b) of the Rules of this Court (22 NYCRR) states in pertinent part as follows: "The term *serious crime* shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law." The crime respondent was convicted of, traveling in foreign commerce for the purpose of engaging in sex with a minor, in violation of 18 USC § 2423 (b), is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) as it is a felony under the United States Code, does not constitute a felony under the laws of this State, and is not a predicate for automatic disbarment pursuant to Judiciary Law § 90 (4).

Judiciary Law § 90 (4) (f) provides in relevant part: "Any attorney and counsellor-at-law convicted of a serious crime . . . shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision." This Court has consistently held that during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90 (4) (f), who has been convicted of a felony and who is serving a term of probation or imprisonment (*Matter of Shapiro*, 81 AD3d 25 [2011]; *Matter of Ruble*, 66 AD3d 48 [2009]). Absent a compelling reason, which does not exist here, an appeal of the conviction is not a basis for a stay (22 NYCRR 603.12 [e]).

Accordingly, the Committee's petition should be granted, the crime of which respondent has been convicted is deemed a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), respondent is immediately suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f), and respondent is directed to show cause before a Hearing Panel designated by the Committee, pursuant to Judiciary Law § 90 (4) (g), which shall hold a hearing within 90 days of the date of respondent's release from prison and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.

Tom, J.P., Andrias, Saxe, Moskowitz and Acosta, JJ., concur.

155 of New York

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.