Matter of Lindenbaum (2018 NY Slip Op 06149)





Lindenbaum


2018 NY Slip Op 06149


Decided on September 20, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 20, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische, Justice Presiding,
Troy K. Webber
Jeffery K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


&em;

[*1]In the Matter of Herbert G. Lindenbaum, (admitted as Herbert Gerald Lindenbaum), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Herbert G. Lindenbaum, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Herbert G. Lindenbaum, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on December 21, 1962.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Richard E. Mischel, Esq. for respondent.



PER CURIAM


Respondent Herbert G. Lindenbaum was admitted to the practice of law in the State of New York by the Second Judicial Department on December 21, 1962, under the name Herbert [*2]Gerald Lindenbaum. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
On October 12, 2017, respondent pleaded guilty in the United States District Court for the Southern District of New York to evasion of payment of income taxes in violation of 26 USC § 7201, a felony under federal law. Respondent admitted that from 1999 through 2013, he attempted to evade paying taxes by sending business checks directly to his wife's account, paying personal expenses from his business accounts and clients' accounts, paying family members for work they did not perform, cashing checks made out to his business accounts, and closing and opening certain business accounts to avoid IRS levies.
On January 11, 2018, he was sentenced, in accordance with his plea agreement, to time served and placed on supervised release for three years, with six months of home confinement during which he was ordered to remain at home each day from 6:30 p.m. to 7 a.m. Respondent was ordered to pay restitution of
$3,392,211 and an assessment of $100.
The Attorney Grievance Committee (Committee) seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90(4)(d); immediately suspending respondent from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(b)(2) and Judiciary Law § 90(4)(f); and directing respondent to show cause before a referee appointed by the Court, which shall hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.
Respondent does not oppose the relief sought by the Committee with respect to the designation that the crime is a "serious crime" as defined by Judiciary Law § 90(4)(d) and the referral by this Court of the matter to a referee to hear and report. Respondent, however, opposes the Committee's motion to the extent it seeks an order imposing an interim suspension until a final order is issued. Respondent argues that this Court should set aside his immediate suspension because supervised release and home confinement do not constitute probation or incarceration, which normally require such suspension. He also argues that he is 79-years-old, lives with his wife and 35-year-old daughter who has significant health issues, and he cannot work the way he used to due to his own health problems. Respondent claims that he will be unable to continue making restitution payments if he is interimly suspended.
The crime which respondent was convicted of is a "serious crime" within the meaning of Judiciary Law § 90(4)(d) which defines "serious crime" in relevant part as follows:
"any criminal offense denominated a felony under the laws of ... the United States which does not constitute a felony under the laws of this state ..."
The crime of which respondent has been convicted, tax evasion in violation of 26 USC § 7201, is a "serious crime" insofar as it is a felony under the United States Code. Thus, such convictions constitute serious crimes within the meaning of the statute (see Matter of Shapiro, 81 AD3d 25, 27 [1st Dept 2011]; Matter of Ruble, 66 AD3d 48, 49 [1st Dept 2009]; Matter of Batalla, 205 AD2d 66 [1st Dept 1994]). Moreover, respondent acknowledges that his conviction constitutes a "serious crime" under the statute. Accordingly, respondent's conviction mandates the conclusion that he has been convicted of a "serious crime."
As for the interim suspension, Judiciary Law § 90(4)(f) provides the following in relevant part:
"Any attorney and counsellor-at-law convicted of a serious crime ... shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision.
"Upon good cause shown the appellate division of the supreme court may, upon application of the attorney or on its own motion, set aside such suspension when it appears consistent with the maintenance of the integrity and honor of the profession, the [*3]protection of the public and the interest of justice."
We have consistently held that it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90(4)(f), who has been convicted of a felony, during the pendency of a "serious crime" proceeding and until a final order is issued (see Matter of Freedman, 109 AD3d 151, 153 [1st Dept 2013]; Matter of Lynch, 55 AD3d 213, 214-215 [1st Dept 2008]; Matter of Fasciana, 36 AD3d 9, 10-11 [1st Dept 2006]). Specifically, we have suspended attorneys convicted of tax evasion under 26 USC § 7201 and who are serving a term of probation or imprisonment (see Matter of Shapiro, 81 AD3d at 27; see also Matter of Ruble, 66 AD3d at 49 ["[t]he pendency of respondent's appeal is not a compelling reason to delay disciplinary action in the instant matter"]).
Respondent has not demonstrated good cause pursuant to Judiciary Law § 90(4)(f) as to why this Court should set aside the immediate suspension. Respondent was sentenced to time served, six months of home confinement, and three years of criminal supervised release. Supervised release constitutes probation (see Matter of Lee, 235 AD2d 110, 111 [1st Dept 1997]). In light of this Court's general policy that a lawyer convicted of a felony and sentenced to probation should be precluded from practicing law (see Matter of Witchell, 220 AD2d at 154 [1st Dept 1996]; see generally Matter of Cantor, 252 AD2d 269, 272 [1st Dept 1999]), the Committee's motion for immediate suspension is appropriate.
Further, interim suspensions will be upheld even in instances where a respondent is obligated to make restitution and pay fines (see Matter of Rakov, 225 AD2d 34 [1st Dept 1996]; Matter of Witchell, 220 AD2d at 154; Matter of Batalla, 205 AD2d at 67). We have explicitly found that "financial and family hardships are inherent in any significant suspension, but are not sufficient to avoid such sanction when merited" (Matter of Joffe, 158 AD3d 11, 17 [1st Dept 2018]; see Matter of Alperin, 66 AD3d 309, 313 [1st Dept 2009]; Matter of Leavitt, 291 AD2d 37, 39 [1st Dept 2002]). In any event, respondent does not proffer any evidence of his current financial condition, but claims, through his counsel, that he will be unable to pay his $3.3 million in restitution if he is immediately suspended.
Accordingly, the Committee's motion should be granted and the offense of which respondent has been found guilty is deemed to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d); respondent is hereby suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) effective immediately; and respondent is directed to show cause before a referee appointed by the Court, pursuant to Judiciary Law § 90(4)(g), which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.
All Concur.
Order filed. [September 20, 2018]
Ordered that the motion is granted to the extent of deeming the offense of which respondent has been found guilty to be a "serious crime" and respondent is suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending have been concluded, and until further order of this Court.