Matter of Seedorf (2020 NY Slip Op 07136)





Matter of Seedorf


2020 NY Slip Op 07136


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Dianne T. Renwick
Troy K. Webber
Jeffrey K. Oing
Lizbeth González, JJ.


Motion No. 2020-3033 Case No. 2020-03825 

[*1]In the Matter of Marc A. Seedorf, (Admitted as Marc Andrew Seedorf), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marc A. Seedorf, (OCA Atty. Reg. No. 1809870) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 18, 1982.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
[*2]
Respondent, pro se.



Per Curiam 


Respondent Marc A. Seedorf was admitted to the practice of law in the State of New York by the First Judicial Department on January 18, 1982, under the name Marc Andrew Seedorf. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
On December 6, 2019, respondent pleaded guilty in the United States District Court for the Southern District of New York to tax evasion in violation of 26 USC § 7201, a felony under the United States Code. During his plea allocution respondent acknowledged that from 2009 through on or about October 2019, he knowingly and willfully evaded payment of his federal income taxes, by various means, primarily failing to file personal tax returns. On September 15, 2020, respondent was sentenced to a term of imprisonment of six months, three years of supervised release, and a fine of $55,000.
The Attorney Grievance Committee (Committee) seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90(4)(d); immediately suspending respondent from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(b)(2) and Judiciary Law § 90(4)(f); and, directing respondent to show cause before a referee appointed by the Court, who shall hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.
Respondent pro se does not oppose his immediate suspension and asks to be allowed to show cause before an appointed referee why a final order of censure, suspension or disbarment should not be made.
The crime which respondent was convicted of is a "serious crime" within the meaning of Judiciary Law § 90(4)(d) which defines "serious crime" in pertinent part as follows:
"any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns . "
The crime of which respondent has been convicted, tax evasion in violation of 26 USC § 7201, is a "serious crime" insofar as it is a felony under the United States Code and this Court has previously held that such conviction constitutes a serious crime within the meaning of the statute (see Matter of Lindenbaum, 165 AD3d 53 [1st Dept 2018]; Matter of Shapiro, 81 AD3d 25, 27 [1st Dept 2011]; Matter of Ruble, 66 AD3d 48, 49 [1st Dept 2009]; Matter of Batalla, 205 AD2d 66 [1st Dept 1994]).
With respect to an immediate suspension, Judiciary Law § 90(4)(f) provides that upon receipt of a record indicating that an attorney has been convicted of a "serious crime," this Court will suspend the attorney until a final order is issued, and under 22 NYCRR 1240.12(c)(2)(ii), [*3]once a "serious crime" determination has been made, "the Court may suspend the respondent pending final disposition unless such a suspension would be inconsistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice..."
We have consistently held that it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90(4)(f), who has been convicted of a felony, during the pendency of a "serious crime" proceeding and until a final order is issued (see Matter of Lindenbaum, 165 AD3d at 55-56; Matter of Freedman, 109 AD3d 151, 153 [1st Dept 2013]. Specifically, we have suspended attorneys convicted of tax evasion under 26 USC § 7201 and are serving a term of probation or imprisonment (see Matter of Shapiro, 81 AD3d at 27; Matter of Ruble, 66 AD3d at 49).
Accordingly, the Committee's motion should be granted and the offense of which respondent has been found guilty deemed a "serious crime" within the meaning of Judiciary Law § 90(4)(d); respondent is suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii), effective immediately; and is directed to show cause before a referee appointed by the Court, pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i) and (iv), who shall hold a hearing within 90 days of respondent's release from prison and issue a report and recommendation to this Court why a final order of censure, suspension, or disbarment should not be made.
All concur.
It is Ordered that the Committee's motion to deem the offense of which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d) is granted, and respondent is suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii), effective the date hereof, until such time as pending disciplinary matters have been concluded, and until further order of this Court, and,
It is further Ordered that during the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; that respondent is forbidden to give another an opinion as to the law or this application or any advice in relation thereto. Respondent is directed to fully comply with the provisions of 22 NYCRR 1240.15, of the Rules of this Court, which is made a part hereof, and,
It is further Ordered that, pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i) and (iv), respondent is directed to show cause at a hearing before the referee appointed herein, to be held within 90 days of respondent's release from prison, why a final order of censure, suspension, or disbarment should not be made based on his conviction of a serious crime as defined in Judiciary Law § 90(4)(d), and
It is further Ordered that John Warden, Esq, 125 Broad Street, New York, NY 10004, (212) 558-3610; 531 Bedford Hills, NY, 10507, (914) 234-3139, is appointed as referee to hold the hearing, to be held within 90 days of respondent's release from prison, and issue a report and recommendation to this Court, with the report to be submitted within 60 days of the conclusion of the hearing or the submission of post-hearing memoranda.
Entered. [December 1, 2020]