Matter of Paradis (2022 NY Slip Op 02512)

Matter of Paradis

2022 NY Slip Op 02512

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Barbara R. Kapnick
Ellen Gesmer
Saliann Scarpulla
John R. Higgitt, JJ.

Motion No. 2021-03945, 2022-00422, 2022-00855 Case No. 2021-04295 

[*1]In the Matter of Paul Oliva Paradis, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Paul Oliva Paradis, (OCA Atty Reg. No. 2403194) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 4, 1991.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Paul Oliva Paradis was admitted to the practice of law in the State of New York by the First Judicial Department on March 4, 1991. At all times relevant herein, his attorney registration listed a law office address within this Judicial Department, although he lives in Arizona.
On November 8, 2021 (11 days before he executed a plea agreement in California involving bribery), respondent filed an affidavit asking this Court to accept his non-disciplinary resignation from the New York Bar pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22(a). At that time, he averred in his affidavit that "since the date of my admission to the New York State Bar [,] I have not been arrested, charged with, indicted, convicted, tried, and/or entered a plea of guilty to any felonies, misdemeanors, violations, and/or traffic infractions." He also revealed that the reason he was resigning was because he had been "diagnosed with a brain tumor known as a 'pituitary adenoma,' which is causing a very significant negative impact on my health and requires ongoing medical care and treatment at the Mayo Clinic and my resignation from the Bar."
The Attorney Grievance Committee opposed his application to resign, arguing that respondent was fully aware that as of November 19, 2021, when he entered into the plea agreement and while his resignation motion was still pending before this Court, his prior attestation in his affidavit - that he had not been charged with or entered a guilty plea to any crime — was no longer accurate. The Committee asserted that he had an obligation to notify this Court and the Committee of this development, which he failed to do, and that this made him no longer eligible for a resignation for non-disciplinary reasons under 22 NYCRR 1240.22. The Committee concluded by stating — "[t]o the extent [respondent] believes he is incapacitated from practicing law by reason of his physical health, he may apply for a medical disability suspension".
By notice of motion and affidavit dated January 25, 2022, respondent seeks to "amend" his application to resign, and instead seeks an order granting a "medical disability suspension, pursuant to 22 NYCRR 1240.14" due to his incapacity from practicing law caused by his brain tumor. In support, respondent provides an unsworn letter from his treating physician which advises that respondent has been his patient since 2014, that he diagnosed him with a brain tumor known as a "pituitary adenoma," and since that time, he medically managed respondent's symptoms to avoid the need for neurosurgery to remove the tumor. In the past year, the doctor noticed a marked increase in certain of respondent's symptoms, and "[a]s a result, it is my professional opinion that [respondent] is no longer capable of practicing law and, given the severe worsening of these symptoms and[*2][his] age, it is my further opinion that [respondent] will not ever be able to return to practicing law".
As noted, on November 19, 2021, respondent signed a 46-page plea agreement, agreeing to plead guilty to an information filed with the United States District Court for the Central District of California alleging that he committed the felony of bribery in federally funded programs in violation of 18 USC §666(a)(1)(B).
On January 28, 2022 (3 days after signing his affidavit seeking an interim suspension based upon a medical condition or disability), respondent pleaded guilty to the sole count of the information. He is scheduled to be sentenced in July 2022.
Respondent's conviction arose from his simultaneous representation as special counsel to the Los Angeles Department of Water and Power (LADWP) and a ratepayer suing the utility in a class action lawsuit in the wake of a billing system debacle. Among other things, respondent secretly accepted an illegal kickback of nearly $2.2 million from an outside Ohio attorney respondent had recruited to supposedly represent the ratepayer client in a collusive lawsuit against LADWP. As part of the plea agreement, respondent also admitted to giving bribes to several LADWP officials.
The Committee now cross moves seeking an order striking respondent's name from the rolls pursuant to Judiciary Law §90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1) on the ground that he was convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been automatically disbarred.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and [counselor]-at-law who shall be convicted of a felony[,] as defined in [Judiciary Law § 90(4)(e)], shall[,] upon such conviction, cease to be an attorney and [counselor]-at-law." As relevant here, felony offenses that suffice for automatic disbarment pursuant to Judiciary Law § 90(4)(a) include "any criminal offense committed in any . . . territory of the United States and classified as a felony therein which[,] if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]). The predicate foreign felony need not be a "mirror image" of the New York felony but must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]), which can be established by comparing the language of the statutes. If the offense has no direct analog under New York law, essential similarity may be demonstrated through the admissions made under oath during a plea allocution, which may be read in conjunction with the indictment or information (see Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Sorin, 47 AD3d 1, 3 [1st Dept 2007]).
The Committee maintains that respondent's conviction of bribery in federally funded programs (18 USC § 666[a][1][B]), is "essentially similar" to bribe receiving in the third degree, a class D felony in New York (Penal Law § 200.10). A person is guilty of soliciting a bribe under 18 USC § 666[*3](a)(1)(B) when that individual, "being an agent of an organization, or of a State, local or any agency thereof . . . corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving [anything] of value of $5,000 or more." By comparison, pursuant to New York law, "[a] public servant is guilty of bribe receiving in the third degree when he or she solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his or her vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced" (Penal Law § 200.10, a class D felony).
In Matter of Percoco (171 AD3d 1450, 1451-1452 [3d Dept 2019]), which involved a respondent who was convicted under the same federal felony herein for participating in schemes to accept bribes in return for taking official state action in his capacity as the Executive Deputy Secretary to the Governor of New York, the Third Department found that based on the "plain language of the statutes [18 USC §666(a)(1)(B) and Penal Law § 200.10], . . . they are essentially similar for purposes of automatic disbarment insomuch as they both proscribe the same conduct; that is, the solicitation or acceptance of a bribe by a public servant with the understanding that his or her conduct as a public servant will be influenced (see generally Matter of Chambers, 169 AD3d 100, 102 [2019]; Matter of Castro, 216 AD2d 782, 783 [1995])." This Court agrees with the Third Department's analysis and finds that the two statutes are essentially similar and that respondent should be automatically disbarred.
The Committee also argues that this Court should not accept respondent's request for a medical disability suspension because he automatically ceased to be an attorney at the time he entered his guilty plea on January 28, 2022 (Judiciary Law § 90[4][a]; Matter of Lessoff, 150 AD3d 159 [1st Dept 2017]), and this Court agrees.
Accordingly, the Committee's cross motion to strike respondent's name from the rolls should be granted and respondent's name stricken from the roll of attorneys in the State of New York effective nunc pro tunc to January 28, 2022, the date of his guilty plea, and both of respondent's motions are denied "as academic in light of the automatic disbarment which occurred upon the respondent's pleas of guilty to the aforementioned felonies (see Judiciary Law § 90[4])" (Matter of Darrah, 296 AD2d 113, 116 [2d Dept 2002]; see also Matter of Stewart, 42 AD3d 59 [1st Dept 2007]; Matter of Au, 41 AD3d 67 [1st Dept 2007].
All concur.
IT IS ORDERED that the Attorney Grievance Committee's cross motion (M-2022-00855) to strike the name of the respondent, Paul Oliva Paradis, from the roll of attorneys and counselors-at-law, is granted[*4]; and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), the respondent, Paul Oliva Paradis, is disbarred, effective nunc pro tunc to January 28, 2022, and his name is stricken from the roll of attorneys and counselors-at-law; and
IT IS FURTHER ORDERED that the respondent, Paul Oliva Paradis, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Paul Oliva Paradis, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if the respondent, Paul Oliva Paradis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and
IT IS FURTHER ORDERED that the motions of respondent, Paul Oliva Paradis, to resign for non-disciplinary reasons (M-2021-003945) and for a medical disability suspension (M-2022-00422) are denied as academic in light of the automatic disbarment which occurred upon his conviction of a felony (see Judiciary Law § 90[4]).
Entered: April 19, 2022