Matter of Kwestel (2022 NY Slip Op 06639)

Matter of Kwestel

2022 NY Slip Op 06639

Decided on November 22, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Ellen Gesmer
Lizbeth González
Tanya R. Kennedy
Saliann Scarpulla, JJ.

Motion No. 2022-02952 & 2022-03575 Case No. 2017-00228 

[*1]In the Matter of Steven J. Kwestel (Admitted as Steven Jeffrey Kwestel), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Steven J. Kwestel (OCA ATTY. REG. NO. 2748085) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 19, 1996. Appearances:

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Orlando Reyes, of counsel), for petitioner.
Respondent pro se.

Per Curiam. 

Respondent Steven J. Kwestel was admitted to the practice of law in the State of New York by the Second Judicial Department on June 19, 1996, under the name Steven Jeffrey Kwestel. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Department.
On May 23, 2022 (three days before he was sentenced to a 60-day term of imprisonment stemming from a guilty plea to a federal crime of failure to collect or pay over taxes), respondent filed an affidavit asking the Court to accept his non-disciplinary resignation from the New York bar pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (a). At that time, he averred in his affidavit that in 2020 he was reprimanded by the Disciplinary Review Board of the New Jersey Supreme Court, he was not currently the subject of an attorney disciplinary complaint in this court or any other court or jurisdiction, and had pleaded guilty to the federal felony of failing to file payroll taxes. Respondent also revealed that the reason he was resigning was because he has not practiced law in over five years and does not intend to do so in the future.[FN1]
The Attorney Grievance Committee (Committee) opposes respondent's application to resign, arguing that this his guilty plea and sentence to the federal crime of failure to collect or pay over taxes made him no longer eligible for a resignation for non-disciplinary reasons under 22 NYCRR 1240.22. The federal crime of failure to collect or pay over taxes stemmed from a July 20, 2021 information filed in the United States District Court, Eastern District of New York charging respondent with willful failure to collect or pay over tax in violation of 26 USC § 7202, a felony. The information alleged that from 2013 through 2019, respondent, as the sole owner and operator of the ambulance service Courtesy Transportation, failed "to pay over to the IRS approximately $1,302,841 in taxes owed, including approximately $894,685.36 in payroll taxes withheld from the wages paid to employees of Courtesy Transportation and approximately $408,156 in FICA taxes owed by Courtesy Transportation." During this period, respondent withheld employment taxes from his employees' paychecks but rather than pay the taxes due to the IRS, he "used corporate funds to make hundreds of thousands of dollars of expenditures for his and his family's personal benefit."
On July 20, 2021, respondent pleaded guilty to the information admitting that the charges against him were true. On May 26, 2022, respondent was sentenced to a 60-day term of imprisonment, one year of supervised release and restitution in the amount of approximately $1.2 million.
The Committee has filed a cross motion seeking an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90(4)(d); [*2]immediately suspending him from the practice of law and directing him to show cause before a referee why a final order of censure, suspension or disbarment should not be made, and denying respondent's application seeking a non-disciplinary resignation (see Judiciary Law § 90[4][f] and [g] and 22 NYCRR 1240.12[b][2] and [c][2]).
Respondent pro se does not oppose his immediate suspension. The Committee served respondent with a copy of the cross motion by email (on consent) as well as by first class mail to his home address, however, no response has been submitted.
The crime which respondent was convicted of is a "serious crime" within the meaning of Judiciary Law § 90(4)(d) which defines "serious crime" in pertinent part as follows:
"any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns."
The crime to which respondent has been convicted, willful failure to collect or pay over taxes in violation of 26 USC § 7202,[FN2] is a "serious crime" insofar as it is a felony under the United States Code and this Court has previously held similar tax convictions constitute a serious crime within the meaning of the statute (see Matter of Seedorf, 190 AD3d 374 [1st Dept 2020]; Matter of Lindenbaum, 165 AD3d 53 [1st Dept 2018]; Matter of Shapiro, 81 AD3d 25 [1st Dept 2011]).
With respect to an immediate suspension, Judiciary Law § 90(4)(f) provides that upon receipt of a record indicating that an attorney has been convicted of a "serious crime," this Court will suspend the attorney until a final order is issued, and under 22 NYCRR 1240.12 (c) (2) (ii), once a "serious crime" determination has been made, "the Court may suspend the respondent pending final disposition unless such a suspension would be inconsistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice."
We have consistently held that it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90(4)(f), who has been convicted of a felony, during the pendency of a "serious crime" proceeding and until a final order is issued (see Matter of Lindenbaum, 165 AD3d at 55-56; Matter of Freedman, 109 AD3d 151, 153 [1st Dept 2013]). Specifically, we have suspended attorneys convicted of tax evasion under 26 USC § 7201 who are serving a term of probation or imprisonment (see Matter of Shapiro, 81 AD3d at 27; Matter of Ruble, 66 AD3d 48, 49 [1st Dept 2009]).
Finally, we agree with the Committee that respondent's guilty plea and sentence to the federal crime of willful failure to collect or pay over taxes made him no longer eligible for a resignation [*3]for non-disciplinary reasons under 22 NYCRR 1240.22 (see Matter of Paradis, 205 AD3d 88 [1st Dept 2022]; Matter of Shotkin, 174 AD3d 146 [1st Dept 2019]).
Accordingly, respondent's motion to resign should be denied, and the Committee's cross motion should be granted deeming the offense to which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d); respondent is hereby suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) effective immediately; and respondent is directed to show cause before a referee appointed by the Court, pursuant to Judiciary Law § 90(4)(g), which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.
All concur.
IT IS ORDERED that the motion of respondent, Steven J. Kwestel, admitted as Steven Jeffrey Kwestel, for an order pursuant to 22 NYCRR 1240.22, accepting his affidavit of resignation, and based upon that affidavit, removing his name from the roll of attorneys and counselors-at-law in the State of New York, is denied, and
IT IS FURTHER ORDERED that the Attorney Grievance Committee's cross motion to deem the offense of which respondent has been found guilty to be a "serious crime' within the meaning of Judiciary Law § 90(4)(d) is granted, and respondent is suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(b)(2), effective the date hereof, until such time as pending disciplinary matters have been concluded, and until further order of this Court, and,
IT IS FURTHER ORDERED that during the period of suspension, respondent is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2), respondent is directed to show cause at a hearing before the referee appointed herein, why a final order of censure, suspension, or disbarment should not be made based on his conviction of a serious crime as defined in Judiciary Law § 90(4)(d), and
IT IS FURTHER ORDERED that Mark J. Fitzmaurice, Esq., Fitzmaurice & Walsh, 15 Chester Avenue, White Plains, New York 10601, Telephone No. (212) 938-9057, mfitzwalsh&commat;optonline.net, is appointed as Referee to hold the hearing, and to issue a report and recommendation to this Court, with the report to be submitted within 60 days of the conclusion of the hearing or the submission of post-hearing memoranda.
Order filed. November 22, 2022

Footnotes

Footnote 1: The affidavit failed to reveal that in 2017, respondent and his then law partner, Jay B. Zucker, were suspended for six months, on consent, based on the lawyers' failure to supervise their bookkeeper, who misappropriated approximately $3 million, which the bookkeeper subsequently repaid (see Matter of Zucker, 154 AD3d 29 [1st Dept 2017]).

Footnote 2: 26 USC § 7202 states:
 "Willful failure to collect or pay over tax. Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution."