Matter of Browndorf (2024 NY Slip Op 03559)

Matter of Browndorf

2024 NY Slip Op 03559

Decided on July 02, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 02, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Peter H. Moulton
Saliann Scarpulla
Manuel J. Mendez
John R. Higgitt, JJ.

Motion No. 2024-01475 Case No. 2024-02031 

[*1]In the Matter of Matthew C. Browndorf, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Matthew C. Browndorf (OCA Atty. Reg. No. 4245080), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Matthew C. Browndorf, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 21, 2004.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

PER CURIAM. 

Respondent Matthew C. Browndorf was admitted to the practice of law in the State of New York by the First Judicial Department on June 21, 2004. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department, and this Court retains continuing jurisdiction over respondent as the judicial department in which he was admitted to practice (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On July 13, 2023, in response to an 11-count indictment filed against him in the United States District Court for the Eastern District of Wisconsin, respondent pled guilty to the willful failure to collect or pay over tax, in violation of 26 USC § 7202. In his June 2, 2023 plea agreement, respondent admitted that, as the Chief Executive Officer and majority owner of a nationwide foreclosure and real estate law firm, he was responsible for (i) collecting, accounting for, and paying over to the IRS the federal income taxes, Social Security taxes, and Medicare taxes withheld from the wages paid to the employees of the firm and its subsidiaries; and (ii) paying over to the IRS the matching portion of payroll taxes owed by the firm and its subsidiaries, and that he willfully failed to truthfully account for and pay over to the IRS $12,688.32 in "trust fund" payroll taxes that were due and owing to the United States of America for the first quarter of 2019, the total tax loss across the entities exceeding $1,000,000. Respondent further admitted that he also failed to appropriately direct remittances into employee pension benefit plans and employee health benefit programs associated with the entities, causing certain employees substantial financial hardship.
On November 30, 2023, respondent was sentenced to a prison term of 48 months, three years of supervised release, and restitution in the amount of $831,260.06.
The Attorney Grievance Committee now moves for an order determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90(4)(d); immediately suspending respondent from the practice of law pursuant to 22 NYCRR 1240.12(b)(2) and Judiciary Law § 90(4)(f); and directing respondent to show cause before a referee appointed by the Court why a final order of censure, suspension, or disbarment should not be made under 22 NYCRR 1240.12(c)(2) and Judiciary Law § 90(4)(g).
The Committee served [*2]respondent with a copy of the motion by email (on consent) to his counsel; however, no response has been submitted.
A "serious crime" includes
"any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a serious crime" (Judiciary Law § 90[4][d]).
Upon our receipt of the record of such conviction, the attorney "shall be suspended . . . until a final order is made," unless, upon good cause shown, such a suspension would be inconsistent "with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice" (Judiciary Law § 90[4][f]). When the judgment of conviction becomes final, we must "order the attorney to show cause why a final order of suspension, censure or removal from office should not be made" (Judiciary Law § 90[4][g]).
We have previously found that the crime of which respondent has been convicted, the willful failure to collect or pay over tax, in violation of 26 USC § 7202, being a felony under the United States Code, is a serious crime warranting immediate suspension (Matter of Kwestel, 211 AD3d 123, 125-126 [1st Dept 2022]). We have held that convictions of similar tax-related crimes constituted serious crimes for which interim suspension was appropriate (see Matter of Seedorf, 190 AD3d 374 [1st Dept 2020]; Matter of Lindenbaum, 165 AD3d 53 [1st Dept 2018]; Matter of Shapiro, 81 AD3d 25 [1st Dept 2011]).
Accordingly, the Committee's motion should be granted, and the offense to which respondent has been found guilty deemed to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d); respondent is hereby suspended from the practice of law pursuant to Judiciary Law § 90(4)(f), effective immediately; and respondent is directed, within 90 days after his release from prison, to show cause before a referee appointed by this Court, pursuant to Judiciary Law § 90(4)(g), who shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department to deem the offense of which respondent, Matthew C. Browndorf, has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) is granted, and respondent Matthew C. Browndorf, is suspended from the practice of law effective immediately, and until such time as pending disciplinary [*3]matters have been concluded and until the further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Matthew C. Browndorf is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Matthew C. Browndorf shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Matthew C. Browndorf, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and
It is further Ordered that, pursuant to Judiciary Law § 90 (4) (g) and 22 NYCRR 1240.12 (c) (2), respondent Matthew C. Browndorf is directed to show cause at a hearing before the referee appointed herein, why a final order of censure, suspension, or disbarment should not be made based on his conviction of a serious crime as defined in Judiciary Law § 90 (4) (d), and
It is further Ordered that David C. Commender, Esq., 2 Dante Street, Larchmont, NY 10538, (914) 774-9610, (212) 661-4333, davidc&commat;commenderlaw.com, is appointed as Referee to hold the hearing, to be held within 90 days of the release from prison of respondent Matthew C. Browndorf, and issue a report and recommendation to this Court why a final order of censure, suspension, or disbarment should not be made, with the report to be submitted within 60 days of the hearing or the submission of post-hearing memoranda.
Entered: July 2, 2024